UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD GIBSON,<br><br>        Plaintiff,<br><br>   vs.<br><br>CASTELLANOS, et al.,<br><br>        Defendants. | 1:21-cv-00794-ADA-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE PROCEED WITH PLAINTIFF'S CLAIMS FOR RETALIATION AND EXCESSIVE FORCE AGAINST DEFENDANTS CASTELLANOS AND RILEY, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED FROM THIS CASE FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 16.)**<br><br>**OBJECTIONS DUE <u>ON OR BEFORE APRIL 28, 2023</u>** |

## I.  BACKGROUND

Reginald Gibson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on May 17, 2021.  (ECF No. 1.)  On November 8, 2021, Plaintiff filed the First Amended Complaint as a matter of course.  (ECF No. 8.)  On October 31, 2022, the Court dismissed the First Amended Complaint for failure to state a claim, with leave to amend.  (ECF No. 15.)  On November 23, 2022, Plaintiff filed the Second Amended Complaint which is now before the Court for screening.  28 U.S.C. § 1915.  (ECF. No 16).

## II.  SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III.  SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is presently incarcerated at California Correctional Institution in Tehachapi, California. The events at issue in the Second Amended Complaint allegedly occurred at Kern Valley State Prison in Delano, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation. Plaintiff names as defendants Correctional Officers E. Castellanos and C/O C. Riley.[1]

---

[1] Plaintiff names only Defendants Castellanos and Riley in the list of defendants for the Second Amended Complaint. (ECF No. 16 at &, 2.) However, in the allegations of the Second Amended Complaint, Plaintiff also names Defendants Sergeant A. Hernandez and Scott Kernan. (ECF No. 16 at 4 & 5.) The Court shall address all four of the defendants, including Defendants Hernandez and Kernan and the claims against them, in this screening order.

Plaintiff's allegations follow:

**December 1, 2019 Incident (First Incident)**

On or about December 1, 2019, Plaintiff was housed in administrative segregation F Pod #197. His cellmate inmate Zeigler was returning from suicide watch around 12:30 p.m.. Defendants C/O Castellanos and C/O C. Riley came into cell #197 and told Plaintiff to cuff up. Then officers put Plaintiff's cellmate in the shower. Defendant Riley told the tower to open cell #197. Both officers entered the cell and told Plaintiff to lie down on the bed. Defendant Riley became verbally abusive and said, "You're going to drop the lawsuit against my bro J. Figueroa." (ECF No. 16 at 3 ¶ 3.) Defendant Riley started hitting Plaintiff in the face, then took out his baton and struck Plaintiff in the head. Plaintiff was somewhat unconscious, but he began to wake up and could see and feel Defendant Castellanos cutting Plaintiff's left leg with a box cutter razor. Then Defendant Riley pulled up Plaintiff's tee shirt and threatened to kill Plaintiff and blame his cellmate. Plaintiff told Defendant Castellanos, "Please sir don't kill me or cut me again." (ECF No. 16 at 4.) They told Plaintiff to be quiet and Castellanos hit him again all over his body and head with his baton. Then they told Plaintiff if he doesn't say anything, they will not return.

Once Plaintiff's cellmate returned from the shower he started banging on the door trying to get Plaintiff some medical help. When Third Watch came in they had Plaintiff transported to an outside medical facility in Delano. They took photos of Plaintiff's injuries.

Plaintiff's appeal was answered at the second level on January 21, 2020. He was informed that any action taken on staff misconduct is confidential and would not be revealed to Plaintiff. Plaintiff contends that the Secretary Level violated its own regulation by stating that Plaintiff's third level appeal was untimely, because the response states that it exhausts the administrative remedies available to Plaintiff. Plaintiff repeatedly informed prison staff and the Warden of the beating and the ill treatment he suffered at the hands of Defendants Castellanos and Riley, by his 602 and statement and video. Defendant Sergeant R. Hernandez failed to properly investigate and take proper actions to discipline those involved. Plaintiff suffers from balance problems as a result of injuries to his head and leg.

**April 4, 2020 Incident (Second Incident)**

On April 4, 2020, Plaintiff was still housed in administrative segregation. He was waiting for a.m. yard when Defendant Castellanos attacked him again, fracturing his nasal bone and knocking out his front right tooth. Defendant Castellanos asked Plaintiff if he wanted to go to yard, and Plaintiff said yes. Once Castellanos put the hand cuffs on Plaintiff, he took Plaintiff's left arm and started walking him to the yard. Plaintiff believes he asked him what he had in his hand, and Plaintiff told him it's a book. Then he began to attack Plaintiff, throwing him up against the wall and hitting him in the face. Then he threw Plaintiff to the ground and jumped on top of Plaintiff, hitting him in the face and knocking out his right front tooth, making his face swollen, cutting his top lip, and fracturing his nasal bone. Then he wrote a false report stating that Plaintiff had attacked him with his walking cane. To cover up the lies on the report, he wrote Plaintiff up on April 4, 2020. Defendant Scott Kernan failed to properly train Defendants Castellanos and Riley to ensure they don't use excessive force against prisoners.

Plaintiff was retaliated against by Defendant Castellanos for writing him up for excessive force on December 1, 2019, so he turned around and attacked Plaintiff and put him in the hospital on April 4, 2020. He kicked Plaintiff in the face while he was handcuffed and wrote a false report stating that Plaintiff had attacked him with his walking cane. Plaintiff had additional time added to his release date.

Plaintiff was sent to the outside hospital again. Plaintiff suffered physical injuries to his head; his front right tooth was knocked out; and his nasal bone was broken. Plaintiff also suffers emotional and mental distress.

**Relief Requested**

Plaintiff requests a declaratory judgment that Defendants' actions violated Plaintiff's rights, costs of suit, and other relief as the court deems just and proper. Plaintiff also seeks monetary damages, compensatory and punitive damages in the amount of $4 million.

///

///

///

IV.   **PLAINTIFF'S CLAIMS**

A.   **Civil Rights Act, 42 U.S.C. § 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles

the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### B. Excessive Force – Eighth Amendment Claim

"After conviction, the Eighth Amendment serves as the primary source of substantive protection. . . in cases. . . . where the deliberate use of force is challenged as excessive and unjustified." Graham, 490 U.S. at 395 n.10 (citing Whitley v. Albers, 475 U.S. 312, 327 (1986)); Hawkins v. Comparet-Cassani, 251 F.3d 1230, 1238 (9th Cir. 2001); Dennis v. Thurman, 959 F.Supp. 1253, 1257 n.1 (C.D. Cal. 1997).

What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials,

and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

The Court finds that Plaintiff states cognizable claims for use of excessive force in violation of the Eighth Amendment against Defendants C/O Castellanos for both the December 1, 2019 and April 4, 2020 incidents, and against Defendant C/O Riley for only the December 1, 2019 incident.

### C.     Retaliation – First Amendment Claim

"Prisoners have a First Amendment right to file grievances [and lawsuits] against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014).

The Court finds that Plaintiff's allegations are sufficient to state cognizable claims for retaliation in violation of the First Amendment against Defendant C/O Riley for the December 1, 2019 incident, and against Defendant C/O Castellanos for the April 4, 2020 incident.

### D.     Request for Declaratory Relief

In addition to money damages, Plaintiff seeks a declaratory judgment that Defendants' actions violated Plaintiff's rights.

Plaintiff's request for a declaratory judgment should be denied because it is subsumed by Plaintiff's damages claim. See Rhodes, 408 F.3d at 565-66 n.8 (because claim for damages entails determination of whether officers' alleged conduct violated plaintiff's rights, the separate request for declaratory relief is subsumed by damages action); see also Fitzpatrick v. Gates, No. CV 00-

4191-GAF (AJWx), 2001 WL 630534, at *5 (C.D. Cal. Apr. 18, 2001) ("Where a plaintiff seeks damages or relief for an alleged constitutional injury that has already occurred declaratory relief generally is inappropriate[.]")

### E. False Reports

Plaintiff claims that Defendant C/O Castellanos wrote a false disciplinary report against him. This allegation, even if true, does not raise a constitutional claim because there is no due process right to be free from false disciplinary charges. The falsification of a disciplinary report does not state a standalone constitutional claim. Canovas v. California Dept. of Corrections, 2:14-cv-2004 KJN P, 2014 WL 5699750, n.2 (E.D. Cal. 2014); see e.g., Lee v. Whitten, 2:12-cv-2104 GEB KJN P, 2012 WL 4468420, *4 (E.D. Cal. 2012). There is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). "Specifically, the fact that a prisoner may have been innocent of disciplinary charges brought against him and incorrectly held in administrative segregation does not raise a due process issue. The Constitution demands due process, not error-free decision-making." Jones v. Woodward, 2015 WL 1014257, *2 (E.D. Cal. 2015) (citing Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983)). Therefore, Plaintiff has no protected liberty interest against false information being reported against him, and he fails to state a claim for false reports against him.

### F. Due Process

Plaintiff alleges that the disciplinary proceeding against him resulted in additional time added to his release date.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. Edwards v. Balisok, 520 U.S. 641, 643–647 (1997).

The Complaint does not contain any allegations to show that Plaintiff's finding of guilt which resulted in time added to his release date has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. Thus, Plaintiff is barred by Heck and Edwards from pursuing any claims under § 1983 concerning the process he was provided which resulted in time added to his release date.

### G.     Prison Appeals Process –[*Defendant*] R. Hernandez

Plaintiff alleges that Defendant Sergeant R. Hernandez failed to properly investigate his appeals and take proper actions to discipline those involved. He also alleges that the "Secretary Level violated its own regulation by stating that Plaintiff's third level appeal was untimely." (ECF No. 16 at 4.)

Plaintiff cannot allege a due process claim based on his allegations that defendants hindered his pursuit of administrative remedies. A prisoner cannot state a due process claim based on the handling of his grievances. Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the

procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983. Buckley, 997 F.2d at 495. Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a cognizable claim for the processing and/or reviewing of his 602 inmate appeals.

### H.     State Law Claims – [*Defendant*] Scott Kernan

Plaintiff alleges that defendant Scott Kernan failed to train Defendants Castellanos and Riley not to use excessive force against inmates. This is a state law claim. Plaintiff is informed that violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of state law. See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976); also see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Gonzaga University v. Doe, 536 U.S. 273, 279 (2002). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. Here, the Court has found cognizable federal claims in the Second Amended Complaint; however, Plaintiff has not sufficiently pleaded the claim presentation requirement contained in California Government Code § 900 *et seq*.

California's Government Claims Act establishes certain conditions precedent to the filing of a lawsuit against a public entity. State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1237, 90 P.3d 116, 118 (2004). "[A] plaintiff must timely file a claim for money or damages with the public entity, (§ 911.2.), and the failure to do so bars the plaintiff from bringing suit against that entity, (§ 945.4.)." Id. Compliance with the claim presentation requirement is an element of the cause of action, Bodde, 32 Cal.4th at 1240, and is required, Mangold v. California Public Utilities Com'n, 67 F.3d 1470, 1477 (9th Cir. 1995), and "failure to file a claim is fatal to a cause of action," Hacienda La Puente Unified School Dist. Of Los Angeles v. Honig, 976 F.2d 487, 495

(9th Cir. 1992); City of Stockton v. Superior Court, 42 Cal.4th 730, 738 (Cal. 2007) at 738; Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007). The government claim must be filed or presented to the public entity no later than six months after the cause of action accrues. California Government Code § 911.2.  A plaintiff "must allege facts demonstrating or excusing compliance with the claim presentation requirement." Robinson v. Alameda Cty., 875 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012) (quoting Bodde, 32 Cal.4th at 1243; Mangold, 67 F.3d at 1477 (quoting Snipes v. City of Bakersfield, 145 Cal.App.3d 861, 865, 193 Cal.Rptr. 760 (1983) ("Where compliance with the [CGCA] is required, the plaintiff must allege compliance or circumstances excusing compliance, or the complaint is subject to general demurrer.")); D.K. ex rel. G.M. v. Solano County Office of Education, 667 F.Supp.2d 1184, 1195 (E.D. Cal. 2009); Karim–Panahi v. Los Angeles Police Department, 839 F.2d 621, 627 (9th Cir. 1988); Flanagan v. Benicia Unified School District, 2008 WL 435355 (E.D .Cal. Feb. 14, 2008)).

In the present case, Plaintiff has not alleged that he complied with the Government Claims Act, nor has he provided his state claim as an attachment to the complaint, nor has he alleged what specific facts and causes of action were referred to in the claim. Without such information, Plaintiff has not sufficiently pleaded facts demonstrating that he complied with the Government Claims Act in bringing his state law claims.  Therefore, Plaintiff's state law claims fail.

**V.      CONCLUSION AND RECOMMENDATIONS**

For the reasons set forth above, the court finds that Plaintiff states cognizable claims in the Second Amended Complaint against Defendants C/O Castellanos and C/O Riley for use of excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires."  However, the Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court.  Plaintiff has now filed three complaints without stating any claims except against Defendants Castellanos and Riley for excessive force and retaliation.  The court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state additional cognizable claims under

section 1983. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e):

1. This action proceed with Plaintiff's Second Amended Complaint against Defendants C/O Castellanos for both the Dec. 1, 2019 and April 4, 2020 incidents, and against C/O Riley for only the Dec. 1, 2019 incident, for use of excessive force in violation of the Eighth Amendment;

2. Against defendant Riley for the Dec. 1, 2019 incident, and against defendant Castellanos for the Apr. 4, 2020 incident, for retaliation in violation of the First Amendment;

3. That all other claims and defendants be dismissed from this case for failure to state a claim, without leave to amend; and

4. This case be referred back to the magistrate judge for further proceedings, including initiation of service of process.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **On or before April 28, 2023**, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 13, 2023**                             **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE