UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD GIBSON,<br><br>             Plaintiff,<br><br>      vs.<br><br>CASTELLANOS, et al.,<br><br>             Defendants. | 1:21-cv-00794-ADA-GSA-PC<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY DEFENDANT C. RILEY SHOULD NOT BE DISMISSED FOR FAILURE TO EFFECT SERVICE**<br><br>**(ECF No. 26.)**<br><br>**DEADLINE: <u>SEPTEMBER 29, 2023</u>** |

**I.      BACKGROUND**

Reginald Gibson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On June 30, 2023, the Court ordered that this case proceed on Plaintiff's Second Amended Complaint against Defendant C/O E. Castellanos for both the December 1, 2019, and April 4, 2020 incidents, and Defendant C/O C. Riley for the December 1, 2019 incident, for use of excessive force in violation of the Eighth Amendment; and against Defendant C. Riley for the December 1, 2019 incident, and against Defendant E. Castellanos for the April 4, 2020 incident, for retaliation in violation of the First Amendment, and dismissing all other claims and defendants based on Plaintiff's failure to state a claim, without leave to amend.  (ECF No. 19.)

1

On August 30, 2023, the United States Marshal ("Marshal") filed a return of service unexecuted, indicating the Marshal was unable to locate Defendant C. Riley for service of process. (ECF No. 26.)

## II. SERVICE BY UNITED STATES MARSHAL

Pursuant to Rule 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court, -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "[A]n incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990)). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

*Background*

On August 24, 2023, the Court directed the Marshal to initiate service of process upon Defendant C. Riley in this action. (ECF No. 25.) On August 30, 2023, the Marshal filed a return of service unexecuted as to Defendant C. Riley. (ECF No. 26.) The return of service indicated that on August 30, 2023, the Marshal attempted service on Defendant C. Riley at Kern Valley State Prison at the address provided by Plaintiff, and was notified that Defendant C. Riley is no

longer employed, the last known phone number and address are no longer valid, and an alternate address is not able to be found.   Id.

Pursuant to Rule 4(m), the Court will provide Plaintiff with an opportunity to show cause why Defendant C. Riley should not be dismissed from the action at this time for inability to serve process.  Plaintiff has not provided sufficient information to identify and locate Defendant C. Riley for service of process.  The Marshal has attempted to locate this Defendant at the address provided by Plaintiff, without success.  If Plaintiff is unable to provide the Marshal with additional information, Defendant C. Riley shall be dismissed from the action.

### III.    CONCLUSION

Accordingly, based on the foregoing, it is **HEREBY ORDERED** that:

1. **On or before September 29, 2023**, Plaintiff shall show cause why Defendant C. Riley should not be dismissed from this action pursuant to Rule 4(m); and
2. The failure to respond to this order will result in the dismissal of this action in its entirety.

IT IS SO ORDERED.

Dated:   **September 6, 2023**                              **/s/ Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE