UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD GIBSON,<br><br>          Plaintiff,<br><br>     vs.<br><br>CASTELLANOS, et al.,<br><br>          Defendants. | 1:21-cv-00794-ADA-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT C. RILEY BE DISMISSED FROM THIS ACTION UNDER RULE 4(m)**<br><br>**(ECF No. 26.)**<br><br>**OBJECTIONS, IF ANY, DUE <u>ON OR BEFORE OCTOBER 13, 2023</u>** |

**I.     BACKGROUND**

Reginald Gibson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.

On August 30, 2023, the United States Marshal ("Marshal") filed a return of service unexecuted, indicating the Marshal was unable to locate Defendant C. Riley for service of process. (ECF No. 26.)  On September 9, 2023, the Court issued an order requiring Plaintiff to respond in writing by September 29, 2023, showing cause why Defendant C. Riley should not

1

be dismissed from this action for Plaintiff's failure to provide sufficient information to locate Defendant C. Riley for service of process. (ECF No. 27.)

On September 18, 2023, Plaintiff filed a response to the Court's order to show cause. (ECF No. 28.) In his response Plaintiff fails to provide any additional information to help locate Defendant C. Riley for service of process.

## II.   SERVICE BY UNITED STATES MARSHAL

Pursuant to Rule 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court, -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "[A]n incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990)). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In light of Plaintiff's failure to show cause why Defendant C. Riley should not be dismissed from this action, Defendant C. Riley should be dismissed from this action under Rule 4(m) for Plaintiff's failure to provide information to enable the U.S. Marshal to locate Defendant C. Riley for service of process.

### III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the court **HEREBY RECOMMENDS** that Defendant C. Riley be dismissed from this action under Rule 4(m) based on Plaintiff's failure to provide sufficient information to locate Defendant C. Riley for service of process.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **On or before October 13, 2023**, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within **fourteen (14) days** after the date the objections are filed.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 21, 2023**                    **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE