UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD GIBSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>E. CASTELLANOS, et al.,<br><br>　　　　Defendants. | No. 1:21-cv-00794 KES GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(ECF No. 39) |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the Court appoint him counsel. ECF No. 39. For the reasons stated below, the motion will be denied.

　　I.　　MOTION FOR THE APPOINTMENT OF COUNSEL

In support of his motion for the appointment of counsel, Plaintiff states that he has a learning disability that prevents him from reading and writing and that this will greatly limit his ability to litigate this case. See ECF No. 39 at 1. He also states that he is unable to afford counsel who could help him present evidence. Id. Finally, Plaintiff states that he had assistance writing the instant motion. Id. He attaches supporting documentation to the motion which appears to indicate that in the past he has requested help from other inmates to fill out forms. Id. at 3-4.

1

## II. APPLICABLE LAW

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

## III. DISCUSSION

Plaintiff's motion must be denied. Plaintiff has raised cognizable retaliation and excessive force complaints against Defendants, which indicates that he may be successful litigating this case on its merits. See generally ECF Nos. 16, 17, 19 (second amended complaint; findings and recommendations, and adoption of same, respectively). In addition, since the commencement of this action in May of 2021, the record indicates that Plaintiff has done a satisfactory job of moving this case forward. For example, there is no indication in any of the three complaints Plaintiff has filed to date that he has had assistance with drafting them. See generally ECF Nos. 1, 8, 16 (absence of declaration of assistance in three complaints filed). The ability to articulate claims as a pro se litigant warrants the denial of a request for the appointment of counsel. See, e.g., Warren v. Harrison, 244 Fed. Appx. 831, 832 (9th Cir. 2007); Miller v. McDaniel, 124 Fed. Appx. 488, 490 (9th Cir. 2005). Additionally, Plaintiff's lack of education does not constitute "exceptional circumstances." See Wood, 900 F.2d at 1335-36. For these reasons, having considered the factors under Palmer, the Court finds that Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel (ECF No. 39) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: __March 20, 2024__   　　　　　/s/ Gary S. Austin
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE