UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD GIBSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>E. CASTELLANOS, et al.,<br><br>　　　　　Defendants. | No. 1:21-cv-00794 KES GSA (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER AND STAYING ALL NON-EXHAUSTION-BASED DISCOVERY<br><br>(ECF No. 55)<br><br>REQUESTS FOR DISCOVERY ON THE LIMITED ISSUE OF EXHAUSTION, IF ANY, TO BE MADE BY **SEPTEMBER 18, 2024** |

Defendant has filed a motion to modify the discovery and scheduling order. ECF No. 55. In it, Defendant requests that discovery that is not related to exhaustion be stayed. Id. at 1-2. For the reasons stated below, the motion will be granted. In addition, the Court will order that any discovery requests on the limited issue of exhaustion be made on or before September 18, 2024.

　　I.　　MOTION TO MODIFY SCHDULING ORDER

In the motion, counsel for Defendant acknowledges the fact that on April 30, 2024, the Court vacated all dates in the discovery and scheduling order that had been issued on January 8, 2024. See ECF No. 55 at 3 (instant motion to modify scheduling order); ECF No. 37 (discovery and scheduling order); see also ECF Nos. 47, 49 (Defendant's previous motion to modify scheduling order; order granting same, respectively). Counsel for Defendant now requests "that

1

non-exhaustion-related discovery be stayed out of an abundance of caution." ECF No. 55 at 3 (Declaration of DAG E. Medina).  Counsel makes the request because the Court's scheduling order states that "a party may request that discovery, other than discovery related to exhaustion, be stayed pending the resolution of an exhaustion motion." Id. at 1; see ECF No. 37 at 5 (discovery and scheduling order).

## II. DISCUSSION

Defendant's motion will be granted.  In April 2024, the Court vacated **all dates** in the discovery and scheduling order, but it did not specifically stay all **non-exhaustion-based** discovery.  See ECF No. 49.  The vacation of **all dates** included discovery deadlines that were not related to the exhaustion issue.  However, even though the Court has not issued an order setting forth new discovery deadline dates, out of an abundance of caution it will order that discovery that is not related to exhaustion also be stayed.

In sum, although there are no calendared non-exhaustion-related discovery dates that need to be stayed, the Court will grant Defendant's request and order that any non-exhaustion discovery be stayed.  Therefore, Defendant's motion will be granted.

The Court reminds the parties that any requests for discovery on the limited issue of exhaustion must be made within thirty days of August 19, 2024, the date Defendant served the pending exhaustion-based motion for summary judgment, and that the requests must comply with Federal Rule of Civil Procedure 56(d).  See ECF No. 37 at 5 (discovery and scheduling order).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to modify the discovery and scheduling order (ECF No. 55) is GRANTED;

2. ALL non-exhaustion-based discovery is STAYED, and

3. Consistent with the discovery and scheduling order issued January 8, 2024, and Federal Rule of Civil Procedure 56(d), any discovery requests related to the limited issue of Defendant's exhaustion-based motion for summary judgment, if any, shall be made by **September 18, 2024,** which is thirty days from the date Defendant served the exhaustion-based motion for summary judgment.  See ECF No. 37 at 5.

**All other directives in the discovery and scheduling order are to remain in full force and effect.**

IT IS SO ORDERED.

Dated:   __August 21, 2024__              _____/s/ Gary S. Austin_____
                                          UNITED STATES MAGISTRATE JUDGE

3