UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD GIBSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>E. CASTELLANOS, et al.,<br><br>　　　　Defendants. | No. 1:21-cv-00794 KES GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SHOULD NOT BE GRANTED, OR, IN THE ALTERNATIVE FILING A RESPONSE TO DEFENDANT'S MOTION<br><br>(ECF No. 54)<br><br>PLAINTIFF'S RESPONSE TO THIS ORDER DUE WITHIN **TWENTY-ONE** DAYS |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This matter is at the dispositive motion phase of the proceedings.

For the reasons stated below, Plaintiff will be ordered to show cause why Defendant's motion for summary judgment should not be granted. As an alternative to filing the showing of cause, Plaintiff may file a response to Defendant's motion.

I.　　RELEVANT PROCEDURAL HISTORY

On August 16, 2024, Defendant filed a motion for summary judgment asserting that Plaintiff had failed to exhaust administrative remedies prior to filing suit in this Court. ECF No.

1

54. Based on the Local Rules of this District, Plaintiff's response to the motion was due in this Court on September 6, 2024.

## II.   DISCUSSION

Local Rule 230(l) requires prisoners to file responses to motions within twenty-one days after the date of service of a motion. See L.R. 230(l). More than twenty-one days have passed and Plaintiff has neither filed a response to Defendant's motion, nor has he requested an extension of time from the Court to do so. In addition, the time given to Defendant to file a reply to any opposition has also expired. See id.

Local Rule 110 permits the imposition of sanctions for failure to follow the Local Rules. See L.R. 110. In addition, Federal Rule of Civil Procedure 41(b) permits the Court to dismiss a matter when a plaintiff fails to prosecute or fails to obey a court order. See Fed. R. Civ. P. 41(b).

Because Plaintiff has not complied with local and federal rules, this matter is ripe for dismissal. Prior to making this recommendation however, Plaintiff will first be ordered to show cause why this matter should not be dismissed for failure to prosecute. As an alternative to filing the showing of cause, Plaintiff may file a response to Defendant's motion for summary judgment. He will be given twenty-one days to take either course of action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall SHOW CAUSE why Defendant's motion for summary judgment (ECF No. 54) should not be granted;

2. As an alternative to filing the showing of cause, Plaintiff may file a response to Defendant's motion for summary judgment, and

3. Plaintiff shall have **twenty-one days** from the date of this order to take either course of action.

IT IS SO ORDERED.

   Dated:   **September 28, 2024**                       **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE