1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   REGINALD GIBSON,                        No.  1:21-cv-00794 KES GSA (PC)

12             Plaintiff,                     FINDINGS AND RECOMMENDATIONS

13        v.                                  ORDER RECOMMENDING MATTER BE
                                              DISMISSED WITHOUT PREJUDICE FOR
14   E. CASTELLANOS, et al.,                  FAILURE TO PROSECUTE AND FOR
                                              FAILURE TO OBEY COURT ORDERS
15             Defendants.
                                              (ECF Nos. 58, 59)
16
                                              ORDER RECOMMENDING DENIAL OF
17                                            DEFENDANT'S MOTION FOR PARTIAL
                                              SUMMARY JUDGMENT WITHOUT
18                                            PREJUDICE AS MOOT

19                                            PLAINTIFF'S OBJECTIONS DUE IN
                                              FOURTEEN DAYS
20

21

22        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil

23   rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States

     Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.
24
          Before this Court is Defendants' motion for partial summary judgment requesting that
25
     Plaintiff's First Amendment claim retaliation be dismissed for failure to exhaust.  ECF No. 54.
26
     Plaintiff has not filed a response to the motion, nor has he filed a response to the Court's order
27
     directing him to show cause why Defendants' motion for summary judgment should not be
28

                                              1

granted.  See ECF No. 58 (order directing Plaintiff to show cause).  In addition, Plaintiff has not filed a response to the Court's recent order which directed him to file a notice of current address with the Court.  See ECF No. 59.

For the reasons stated below, the undersigned will recommend that this case be dismissed without prejudice for failure to prosecute and for failure to obey court orders.  Consistent with this recommendation, it will also be recommended that Defendant's exhaustion-based partial motion for summary judgment be denied without prejudice as moot.  The parties will be given fourteen days to file objections to these findings and recommendations.

## I.    RELEVANT PROCEDURAL HISTORY

### A.    Screening of Second Amended Complaint

On May 17, 2021, Plaintiff's complaint was docketed.  ECF No. 1.  On April 13, 2023, the second amended complaint ("SAC") (ECF No. 17), which is the operative complaint, was screened.  In it, Plaintiff alleged First and/or Eighth Amendment claims of retaliation and excessive force against Defendants E. Castellanos and C. Riley, both of whom were correctional officers at Kern Valley State Prison in December 2019 and April 2020, the time of the incidents in question.  See ECF No. 16 at 1-8.

On July 5, 2023, Plaintiff's second amended complaint was ordered served.  ECF No. 20.  Ultimately, in January 2024, Defendant Riley was dismissed due to Plaintiff's failure to effectuate service on him.  See ECF Nos. 25, 29, 36 (notice of intent not to waive service; order recommending dismissal of Defendant Riley; grant of same, respectively).

### B.    Issuance of Discovery and Scheduling Order; Motion to Vacate Its Dates

On January 8, 2024, the Court issued its discovery and scheduling order.  ECF No. 37.  In it, any exhaustion-based motions were ordered to be filed by April 19, 2024.  Id. at 5.  Thereafter, on April 12, 2024, Defendant filed a motion to compel.  ECF No. 46.  On the same day, Defendant also moved to have all outstanding dates in the discovery and scheduling order vacated because Plaintiff had yet to file responses to his discovery requests related to Plaintiff's failure to exhaust.  See ECF No. 47 at 3-4, 6-7 (Defendant's motion to vacate case schedule).

2

On April 30, 2024, the Court granted Defendant's motion to vacate the case schedule. ECF No. 49. Approximately two weeks later, the Court ordered Plaintiff to show cause why Defendant's motion to compel should not be granted. ECF No. 50. On June 6, 2024, Defendant filed a motion to withdraw his motion to compel (ECF No. 52), which eventually the Court granted (ECF No. 56). This effectively relieved Plaintiff of responding that order to show cause that had been issued by the Court.

C. <u>Defendant's Filing of Exhaustion-Based Motion for Partial Summary Judgment</u>

On August 16, 2024, Defendant filed the instant exhaustion-based motion for partial summary judgment. ECF No. 54. As a result, Plaintiff's response to the motion was due twenty-one days later, on September 6, 2024. <u>See</u> Local Rule 230(l).

D. <u>Order Directing Plaintiff to Show Cause or File Response to Motion for Summary Judgment</u>

Plaintiff failed to file a response to Defendant's exhaustion-based partial motion for summary judgment. Consequently, on September 30, 2024, the Court ordered Plaintiff to show cause why Defendant's motion should not be granted. ECF No. 58. As an alternative to filing the showing of cause, Plaintiff was given the opportunity to file a response to Defendant's motion. He was given twenty-one days to take either course of action, making any response filed due on or around October 21, 2024.

To date, Plaintiff has still not filed a response to Defendant's exhaustion-based partial motion for summary judgment, nor has he filed a response to the Court's order to show cause. Nor has Plaintiff requested an extension of time to take either of the courses of action.

E. <u>Order Directing Plaintiff to File Notice of Current Address</u>

On March 21, 2025, Plaintiff was ordered to file a notice of current address with the Court and to do so within seven days. ECF No. 59. More than seven days have now passed and Plaintiff has not responded to the Court's order, nor has he requested an extension of time to do so. As with the Court's order directing Plaintiff to show cause, Plaintiff has not responded to this order of the Court in any way.

3

1

## II.    APPLICABLE LAW

2

### A.  Federal Rule of Civil Procedure 41(b) and Local Rule 110

3    Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails

4    to prosecute or he fails to comply with a court order.  See Fed. R. Civ. P. 41(b).  Local Rule 110

5    also permits the imposition of sanctions when a party fails to comply with a court order.  L.R.

6    110.  Only in rare cases will an appellate court question the exercise of discretion in connection

7    with the application of local rules.  See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995)

8    (upholding dismissal of case pursuant to district court local rule because plaintiff failed to file

9    opposition to defendants' motion to compel/motion to dismiss).

10

### B.  Malone Factors

11   The Ninth Circuit has clearly identified the factors to consider when dismissing a case for

12   failure to comply with a court order.  It writes:

13

14
15
16

> A district court must weigh five factors in determining whether to dismiss a case
> for failure to comply with a court order:  "(1) the public's interest in expeditious
> resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
> prejudice to the defendants; (4) the public policy favoring disposition of cases on
> their merits; and (5) the availability of less drastic sanctions."

17

18   Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v.

19   Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

20

## III.    DISCUSSION

21

### A.  Rule 41(b) and Local Rule 110 Support Dismissal of This Case

22   The fact that Plaintiff has:  (1) failed to file a response to Defendant's exhaustion-based

23   partial motion for summary judgment, which was filed back in August of 2024; (2) failed to

24   respond to the Court's order to show cause which was issued back in September of 2024, and (3)

25   has failed to respond to the Court's recent March 2025 order which directed him to file a notice of

26   current address, collectively warrant dismissal of this matter, in accord with Rule 41(b).  This

27   consistent inaction on Plaintiff's part also warrants the imposition of sanctions in the form of

28   dismissal of this case, consistent with Local Rule 110.

4

B. <u>Application of Malone Factors Supports the Dismissal of This Case</u>

1. <u>Expeditious Resolution of Litigation; Court's Need to Manage Its Docket</u>

Plaintiff has been given more than ample time to file a response to Defendant's exhaustion-based partial motion for summary judgment, and to respond to the Court's orders to show cause and file a notice of current address. Yet, he has failed to respond to these orders as required, nor has he contacted the Court to provide exceptional reasons for not having done so.

The Eastern District Court has an unusually large caseload.[1] "[T]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of frivolous and repetitious requests." <u>Whitaker v. Superior Court of San Francisco</u>, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted). Thus, it follows that keeping this case on the Court's docket when Plaintiff has consistently demonstrated since August of last year that he clearly has no interest in prosecuting it in a timely manner, is not a good use of the Court's already taxed resources. Moreover, keeping this matter on the docket until Plaintiff chooses to respond would clearly be an exercise in futility, and it would stall a quicker disposition of this case. Finally, in fairness to the many other litigants who currently have cases before the Court, no additional time should be spent on this matter, irrespective of any opposition to the instant recommendation of dismissal that Plaintiff might file after the issuance of this order.

2. <u>Risk of Prejudice to Defendant</u>

Dismissal will benefit Defendant because he will avoid a possible judgment against him.

3. <u>Availability of Less Drastic Sanctions; Favored Disposition of Cases on Merits</u>

---

[1] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. <u>See</u> Office of the Clerk, United States District Court, Eastern District of California, <u>2024 Annual Report</u>, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. <u>See generally id.</u> (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

1    Finally, Plaintiff has allowed this case to languish on the Court's docket for over eight

2 months after the filing of Defendant's exhaustion-based partial motion for summary judgment.

3 Additionally, Plaintiff has neither responded to the Court's related, subsequently issued order to

4 show cause, nor to the Court's order directing him to file a notice of current address.  This is

5 despite the fact that none of the Court's orders have been returned to it marked "undeliverable,

6 which, in turn, permits this Court to find that Plaintiff has received Defendant's motion and the

7 Court's orders, but that he is simply choosing not to respond to them.  See Local Rule 182(f)

8 (stating absent notice otherwise, service of documents at prior address of pro se party is fully

9 effective).

10    The Court's finding that Plaintiff is simply choosing not to respond to the Court's orders

11 and prosecute this case is further supported by the fact that a recent search on the California

12 Department of Corrections and Rehabilitation's website for Plaintiff by his name and/or his

13 prison ID number indicates that Plaintiff is still in state custody at Salinas Valley State Prison.[2]

14 The Court takes judicial notice of this fact.  See Fed. R. Evid. 201 (court may take judicial notice

15 of facts that are capable of accurate determination by sources whose accuracy cannot reasonably

16 be questioned).  Thus, in the aggregate, without Plaintiff continuing to take an active role to move

17 forward the very case that he brought, this matter cannot be prosecuted any further, nor can it be

18 disposed of on its merits.

19    IV.   CONCLUSION

20    For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rule

21 110, and having considered the Malone factors, the undersigned recommends that this matter be

22 dismissed without prejudice for failure to prosecute and for failure to obey a court order.  In

23 addition, the undersigned will recommend that Defendant's exhaustion-based partial motion for

24 summary judgment be denied without prejudice as moot.  The parties shall be given fourteen days

25 to file objections to this order.

26    Accordingly, IT IS HEREBY RECOMMENDED that:

27

28
[2]  See https://ciris.mt.cdcr.ca.gov/search (search CDCR Number field for"P38644," or search
First Name field for "Reginald" and Last Name field for "Gibson") (last visited April 7, 2025).

6

1    1.   This matter be DISMISSED without prejudice for failure to prosecute and for failure

2   to obey court orders.  See Fed. R. Civ. P. 41(b) and Local Rule 110, and

3    2.   Defendant's exhaustion-based partial motion for summary judgment (ECF No. 54) be

4   DENIED without prejudice as MOOT.

5        These findings and recommendations are submitted to the United States District Judge

6   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

7   after being served with these findings and recommendations, any party may file written

8   objections with the Court.  Such a document should be captioned "Objections to Magistrate

9   Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

10        The Court will not consider exhibits attached to the objections.  To the extent that a party

11   wishes to refer to any exhibit, when possible, the party must reference the exhibit in the record by

12   its CM/ECF document and page number or reference the exhibit with specificity.  Any pages filed

13   in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the

14   28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations.  A party's failure to file

15   objections within the specified time may result in the waiver of certain rights on appeal.  See

16   Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th

17   Cir. 1991).

18

19   IT IS SO ORDERED.

20    Dated:  __April 9, 2025__        _____/s/ Gary S. Austin_____

21                             UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28