UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD GIBSON,<br><br>        Plaintiff,<br><br>    v.<br><br>E. CASTELLANOS, et al.,<br><br>        Defendants. | No. 1:21-cv-00794 KES GSA (PC)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANT'S EXHAUSTION-BASED PARTIAL MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 64)<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT'S EXHAUSTION-BASED MOTION FOR SUMMARY JUDGMENT DUE IN THIRTY DAYS |

       Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

       Plaintiff has filed a motion for a ninety-day extension of time to file a response to Defendant's exhaustion-based partial motion for summary judgment. ECF No. 64. For the reasons stated below, the motion will be granted in part. As a result, instead of being granted a ninety-day extension, Plaintiff will be given an additional thirty days to file a response to Defendant's motion.

I.   PLAINTIFF'S MOTION FOR EXTENSION OF TIME

In support of Plaintiff's motion for an extension of time, Plaintiff states that currently the prison where he is incarcerated, Salinas Valley State Prison ("SVSP"), is/was on lockdown due to violence against staff. ECF No. 64 at 1. In addition, he states he cannot get to the prison law library. See id. Plaintiff also provides a declaration in which he states that he is a participant in the Mental Health Services Delivery System. Id. at 4. Because of Plaintiff disability problems he states that he will need third party assistance to help him file timely responses in this case, and that it will take him ninety days to acquire the necessary assistance to do this. Id. at 5.

II.   DISCUSSION

Plaintiff's motion will be granted, but only in part. Instead of being granted the ninety days that he has requested to file a response to Defendant's exhaustion-based motion for summary judgment, he will only be granted a final additional thirty days. The Court makes this decision for several reasons.

A.   Prison Law Library Likely Not Only Way to Access Plaintiff's Grievances

First, Defendant's partial motion for summary judgment only asks for summary judgment with respect to the issue of whether Plaintiff exhausted his First Amendment retaliation claim against Defendant. See ECF No. 54 at 8-11. The grievances that Plaintiff has filed will establish whether he exhausted this particular claim, and Plaintiff should have his own copies of those grievances. However, even if Plaintiff does not have copies of the grievances that he filed related to the retaliation claim against Defendant, it is unclear why Plaintiff needs to have access to the prison law library in order to obtain them. Presumably, a record of the grievances that Plaintiff has filed would be in his personal prison file which should be available to him upon request.

B.   Plaintiff Has Been Given Multiple Extensions of Time to Collect Information

Next, even if Plaintiff is unable to make the request of his grievance records from his personal file due to the lockdown at SVSP, Defendant filed the instant exhaustion-based partial motion for summary judgment almost a year ago, back in August of 2024. See generally ECF No. 54 (docket entry indicating filing of Defendant's exhaustion-based motion for summary judgment on 8/16/24). During the same month, the Court granted Defendant's motion to stay all

1  non-exhaustion-based discovery, and the Court gave the parties a thirty-day deadline of
2  September 18, 2024, to request discovery on the limited issue of exhaustion. ECF No. 56 at 2.
3  This was Plaintiff's first opportunity to collect the information that he needed so that he could file
4  a response to Defendant's exhaustion-based partial motion for summary judgment.  Despite
5  being given this opportunity, it appears that Plaintiff failed to engage in discovery with Defendant
6  during that time by requesting the documents he needed to respond to Defendant's motion, and
7  Plaintiff never filed a response to the motion, nor did he request an extension of time to do so.

8  Plaintiff's failure to do either led the Court to order Plaintiff to show cause why
9  Defendant's motion should not be granted. See ECF No. 58. At that point, Plaintiff was given
10 another twenty-one days to collect the documents that he needed in order to file a response to
11 Defendant's motion. See id. at 2 (order directing Plaintiff to show cause). Despite having been
12 given this additional time, during it, Plaintiff apparently still failed to request the documents he
13 now says he needs.

14 On May 8, 2025, a motion filed by Plaintiff which requested yet another ninety days to
15 file a response to Defendant's exhaustion-based partial motion for summary judgment was
16 docketed. ECF No. 62. In it, Plaintiff made what appears to be the same mental health claims
17 that he is now making in the instant extension of time request. Compare ECF No. 62 at 2-3
18 (Plaintiff's first ninety-day extension request), with ECF No. 64 at 4-5 (Plaintiff's instant ninety-
19 day extension request). In response to the motion, the Court granted Plaintiff yet another sixty
20 days to file a response to Defendant's pending motion.

21    C.    Plaintiff's Stated Mental Health and Disability Issues Have Not Affected His Ability
22          to Prosecute This Case to Date

23 Finally, Plaintiff's assertions that he has mental health and disability issues which warrant
24 a ninety-day extension of time to respond to Defendant's motion are unpersuasive because they
25 belie the fact that despite their existence, Plaintiff has more than adequately prosecuted this case.
26 For example, since this case was filed in May of 2021, Plaintiff has filed requests for the
27 appointment of counsel. See ECF No. 39, 40. He has filed an interlocutory appeal related to the
28 Court's denial of one of his requests for the appointment of counsel. See ECF No. 42. He has

3

1  also filed extension of time requests.  See ECF Nos. 62, 64.  Therefore, even if Plaintiff has had
2  help with filing the aforementioned documents. he has been able to do so in a sufficiently
3  satisfactory manner.

   D.  Efficient Disposal of This Case Warrants the Denial of a Ninety-Day Extension

5  Finally, this case has been on the Court's docket since 2021.  The Court has an interest in
6  the just and speedy disposal of matters that are before it.  See Fed. R. Civ. P. 1; see also In re
7  Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217 (9th Cir. 2006) (stating
8  orderly and expeditious resolution of disputes is of great importance to rule of law and delay in
9  reaching merits is costly in money, memory, manageability, and confidence in process).  Granting
10 Plaintiff yet another generous extension of time to gather the information he needs and to respond
11 to Defendant's exhaustion-based motion for summary judgment, especially when:  (1) Plaintiff
12 has had multiple opportunities to do so, and (2) the information that Plaintiff needs to gather does
13 not necessarily require him to have access to SVSP's prison law library, will further and
14 unnecessarily stall a faster resolution of this case.

   III.  CONCLUSION

16 For these reasons, Plaintiff's motion for an extension of time will be granted, but only in
17 part.  Instead of ninety days, Plaintiff will be given a final thirty days to file a response to
18 Defendant's exhaustion-based partial motion for summary judgment.  Absent exigent
19 circumstances, should Plaintiff fail to file a response to Defendant's motion within the thirty-day
20 period, the Court will recommend that Defendant's motion be granted.

21 Accordingly, IT IS HEREBY ORDERED that:

22 1.  Plaintiff's motion for an extension of time (ECF No. 64) is GRANTED IN PART, and
23 2.  Within thirty days from the date of this order, Plaintiff shall file a response to
24 Defendant's exhaustion-based partial motion for summary judgment.

25 **Plaintiff is cautioned that absent exigent circumstances, his failure to timely comply**
26 **with this order will result in a recommendation that Defendant's exhaustion-based partial**
27 **motion for summary judgment be granted.**

28 2.  Plaintiff is granted thirty days from the date of this order in which to file [what].

4

IT IS SO ORDERED.

    Dated: **July 16, 2025**            **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE