UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD GIBSON,<br><br>        Plaintiff,<br><br>    v.<br><br>E. CASTELLANOS, et al.,<br><br>        Defendants. | No.  1:21-cv-00794 KES GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(ECF No. 66) |

    Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    Before this Court is Plaintiff's request for the appointment of counsel.  ECF No. 66.  This is Plaintiff's third request.  See ECF Nos. 39, 41.  His previous two requests have been denied.  See ECF Nos. 40, 44.  For the reasons stated below, this motion will be denied as well.

    I.    PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

    In support of Plaintiff's request for the appointment of counsel, Plaintiff states in part that he is unable to afford counsel and that he is proceeding in forma pauperis.  ECF No. 66 at 1.  Plaintiff also argues that he is a person with a "mental develop disability" and the issues in this case are complex and will require significant research and investigation .  Id.  To support his

1

claim of developmental disability, Plaintiff provides documentation.[1] See ECF No. 66 at 4. He states that he is a participant in the mental health services delivery system and is also assigned to the developmental disability program. Because of his disability problems Plaintiff states he will require third party assistance.

## II. APPLICABLE LAW

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

## III. DISCUSSION

Plaintiff's request will be denied for a couple of reasons. First, the fact that this case is now at the exhaustion-based motion for summary judgment phase of the proceedings indicates that Plaintiff has raised some viable claims upon which he may able to receive relief on their merits. In addition, the fact that this case has been on the Court's docket since 2021, and Plaintiff has been able to manage it without legal help since then, is support for the Court's finding that Plaintiff has a satisfactory ability to prosecute this case and articulate his claims on his own, despite the alleged existence of complex legal issues.

For these reasons, having considered the factors under Palmer, the Court finds that

---

[1] The document that Plaintiff has provided in support of his claim that he has a mental developmental disability is unreadable. See ECF No. 66 at 4.

2

1  Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the
2  appointment of counsel at this time.  Therefore, his motion for the appointment of counsel will be
3  denied.
4     Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of
5  counsel (ECF No. 66) is DENIED without prejudice.
6
7
8  IT IS SO ORDERED.
9     Dated:   **August 8, 2025**              /s/ Gary S. Austin
                                            UNITED STATES MAGISTRATE JUDGE
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28